IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ESTATE OF LATAURUS HARRISON, by and thorough administrator, RUBY HARRISON-FOARD<br><br>    Plaintiff,<br><br>    v.<br><br>MASON BRIZENDINE, GRANT STEPHENS, CHRIS BURKHARDT, and UNKNOWN OFFICERS OF COUNTY OF MADISON, and the COUNTY OF MADISON.<br><br>    Defendants. | No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, ESTATE OF LATAURUS HARRISON, by and through administrator RUBY FOARD, complains of Defendants MASON BRIZENDINE, GRANT STEPHENS, CHRIS BURKHARDT, and UNKNOWN OFFICERS of the COUNTY OF MADISON; and the COUNTY OF MADISON, as follows:

### INTRODUCTION

1.  Madison County Officer Mason Brizendine shot and killed Lataurus Harrison without any lawful justification. Before Defendant Brizendine shot Lataurus Harrison – a 44-year old father and beloved by both his family and friends – he was simply visiting his mother and sitting in the driveway of her home. Lataurus Harrison was not causing any harm to anyone and posed no immediate threat.

1

2. Nonetheless, Brizendine and two fellow Madison County Officers — Chris Burkhardt and Grant Stephens — chose to confront a man sitting in the driveway of Ruby Foard's home, whom they learned was her son, Lataurus Harrison. That confrontation ended with Lataurus Harrison being murdered by Defendant Brizendine, in front of his mother—in the driveway.

3. Because of their status as law enforcement officers, Defendants Brizendine, Burkhardt, and Stephens have not been held accountable for their actions. No criminal charges were ever filed, and they have not even been removed from the Madison County Sheriff's Department.

4. This action, brought under 42 U.S.C. § 1983 and Indiana law, seeks justice – and accountability – for the wrongful, unjustified killing of Lataurus Harrison, and the devastating injuries and loss that his mother, daughter, and their family continue to suffer as a result of Defendants' misconduct.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. § 1331 and § 1367.

6. Venue is proper under 28 U.S.C. § 1391(b). The events giving rise to the claims asserted herein all occurred within this district, and, upon information and belief, all or most of the parties reside in Madison County.

## PARTIES

7. The Estate of Lataurus Harrison represents the property and legal interests of decedent Lataurus Harrison.

8. Ruby Foard, the mother of Lataurus Harrison, is the court-appointed administrator of the Estate of Lataurus Harrison. The Estate of Lataurus Harrison

includes any legal interests arising out of Lataurus Harrison's death that Ruby Foard or Lataurus Harrison's daughter, D.H., may have. The Estate brings those claims on their behalf.

9. Defendants Mason Brizendine, Grant Stephens, and Chris Burkhardt, and other Unknown Officers (collectively "Defendant Officers") are or were law enforcement officers employed by the County of Madison. At all times relevant to this cause of action, Defendants Brizendine, Stephens, Burkhardt, and other Unknown Officers acted under color of law as officers of the Madison County Sheriff's Department and within the scope of their employment.

10. Defendant County of Madison is a political subdivision in the State of Indiana.

## FACTUAL ALLEGATIONS

**Defendants Brizendine, Stephens, and Burkhardt
Approached Lataurus Harrison's Childhood Home**

11. On the night of June 1, 2024, Lataurus sat in his vehicle on the driveway of his mother's home.

12. His family has lived on the same street in Anderson, Indiana for more than 75 years, since the 1940s. They have been parking in the driveway for decades. His 82-year old mother, Ruby Foard, still owns the land on which the driveway is situated, and trespassers are not allowed.

13. While Lataurus Harrison sat in his vehicle, his elderly mother, Ms. Foard sat quietly inside her home.

14. Defendants Brizendine, Burkhardt, and Stephens were assigned to arrest Lataurus Harrison for allegedly violating probation, and went to Ms. Foard's home to find him.

15. On information and belief, Defendant Officers agreed to take whatever steps necessary to arrest Lataurus Harrison at his mother's home, without regard for her or Lataurus's constitutional rights, the legality of their tactics, or the use of deadly force. They agreed that Burkhardt and Stephens would go to Ms. Foard's front door, while Brizendine went directly to her driveway to begin searching for, and to arrest, Lataurus without first notifying Ms. Foard of his presence, authority, or purpose.

16. Defendant Officers further agreed not to take any steps to intervene in any way to stop legal violations, and to falsely justify any legal violations committed in the course of the search or arrest as necessary for officer or public safety.

17. Defendant Officers knew that Lataurus Harrison was at his mother's home based on his GPS monitoring device revealing that he was at her residence. Defendants knew that Ms. Foard's driveway was her private property.

18. Defendant Officers, and any other passerby, could not possibly observe whether any person was in the cars parked on Ms. Foard's driveway from their position on the sidewalk, street, or other adjacent land not owned by Ms. Foard.

19. Defendant Officers, and passersby, did not need to enter Ms. Foard's driveway to access her front door. Nevertheless, Defendant Brizendine did.

20. Pursuant to their agreement, Burkhardt and Stephens approached the front door of Ms. Foard's house, and Burkhardt knocked on the door.

21. While Burkhardt and Stephens were at Ms. Foard's front door, Brizendine walked through Ms. Foard's driveway and looked inside the vehicles parked on her property.

22. While looking into one of the vehicles from the passenger side window, Brizendine saw a Black man sitting in the driver's seat. Although he was uncertain it was Lataurus Harrison, he shouted to Burkhardt and Stephens that "he is in the car over here."

23. The vehicle was parked directly on the side of Ms. Foard's home, and approximately five feet from her window.

24. Brizendine drew his gun and pointed it at the vehicle. At that point, Burkhardt and Stephens decided to join Brizendine. They did not attempt to knock again or announce their presence verbally. Nevertheless, Stephens and Burkhardt entered Ms. Foard's driveway and joined Brizendine. Stephens also drew his gun and pointed it at Lataurus.

25. Ms. Foard opened the front door and stepped onto her porch to find out who had knocked on her door. Burkhardt turned briefly toward Ms. Foard while Brizendine and Stephens continued yelling at Lataurus Harrison. However, pursuant to their agreement, Defendant Officers refused to tell Ms. Foard why they were at her house, on her property, in her driveway, and pointed their guns at her son. Burkhardt then joined Stephens and Brizendine in surrounding her son's vehicle.

26. Unable to see accurately inside the vehicle, Brizendine continued to point his gun at Lataurus Harrison from a few feet away [depicted in Figure 1].

**Figure 1**



27. Lataurus still posed no threat to any of the officers.

28. Instead of attempting to de-escalate the situation, Defendant Officers decided to create more chaos and confusion at Ms. Foard's home. They simultaneously shouted multiple, inconsistent orders at Lataurus Harrison.

29. For example, Defendants told Lataurus to put his "Hands on the wheel!" and at the same time to "Unlock the car!"

30. Neither Brizendine, Burkhardt, nor Stephens were able to accurately see Lataurus Harrison, or his movements, inside the vehicle at any point.

31. Defendant Officers were aware that Ms. Foard was observing them. She did not move aggressively to save her son, fearing that she would be shot herself.

32. Surrounded by three officers with multiple guns pointed at him, Lataurus Harrison was afraid for his life. He kept his phone in one hand, hoping that someone would be able to hear the officers threatening him or that the officers' actions would somehow be documented.

33. Defendant Officers continued to escalate the situation. They shouted threats at Lataurus Harrison, causing him and his mother greater anxiety and fear, including proclaiming that Lataurus was "going to get shot!"

34. Lataurus Harrison still posed no immediate threat to anyone.

35. Defendant Officers remained aware that Ms. Foard was observing them from her porch.

36. Nevertheless, Defendant Officers decided to further escalate the situation and together decided to forcefully enter Lataurus Harrison's vehicle.

37. Defendant Burkhardt then shattered the driver's side window of Lataurus Harrison's vehicle with a baton of some sort, creating more fear and anxiety among Lataurus and his mother.

38. Although Defendant Brizendine was unable to see clearly inside the vehicle, he yelled, "He's reaching in his pockets! Get your hands out of your pocket!"

### Lataurus Harrison is Shot Seven or More Times

39. Without legal justification Defendant Brizendine fired at least ten rounds into the vehicle, with bullets striking Lataurus Harrison's flesh no less than seven times. In these moments, Lataurus experienced unspeakable pain.

40. Ms. Foard watched and heard Defendant Brizendine take her son's life.

41. She began crying and weeping as the bullets entered the car and penetrated her son's body.

42. This shooting was unlawful.

43. At no point during Lataurus Harrison's encounter with Defendants did Lataurus take any action that would have justified Brizendine's use of deadly force.

7

44. At no point during Lataurus Harrison's encounter with Defendants did he pose an immediate threat of death or serious bodily harm sufficient to justify the use of deadly force by Defendant Brizendine.

45. Defendants lacked any justification for the intrusion onto Ms. Foard's property to use deadly force against her son in front of her.

46. Lataurus was pronounced dead at the hospital.

**Defendants Attempt to "Cover-Up" the Unlawful Shooting**

47. Afterwards, Defendant Officers falsely claimed that Brizendine saw Lataurus Harrison pull out, and raise, a gun from his pocket.

48. Yet they knew this was impossible given Defendant Brizendine's vantage point [depicted in figure 2].

**Figure 2**



49. Defendant Officers' claim that Defendant Brizendine saw Lataurus Harrison pull out a gun was a lie that Defendant Officers, in conspiracy with other officers, came up with after-the-fact to attempt to justify this unlawful shooting.

50. Upon information and belief, Defendant Officers' accounts to authorities investigating the shooting incident are at odds with, and contradicted by, the truth of what actually occurred.

51. Despite all of these inconsistencies, Defendant Officers were not, and have not been, disciplined by the County of Madison for killing Lataurus Harrison.

52. Instead, following the shooting, and after a short stint on paid administrative leave, Defendant Brizendine returned to duty for the Department, without any accountability.

**Plaintiffs' Damages**

53. The Defendants' actions imposed substantial harm on Lataurus Harrison during the period of time after which he was shot by Defendant Brizendine until Lataurus Harrison ultimately passed away. The amount of excruciating pain Lataurus Harrison felt during those final moments is unquantifiable.

54. In addition, Lataurus Harrison, a father of a thirteen-year-old, lost the opportunity to live the rest of his life. Lataurus Harrison lost the opportunity to earn wages, and the ability to see his young daughter, D.H., grow up. These damages are tragic and substantial.

55. Likewise, Lataurus Harrison's daughter, D.H., has suffered an immeasurable loss: growing up without a father. Her upbringing will now be forever altered by the difficulties that she and her caretakers will face as a result of her father's death.

56. Ruby Foard, Lataurus's mother, has experienced monumental loss as well. Ms. Foard has been harmed by the actions during the shooting, as she watched Defendant Brizendine take the life of her son in the driveway of her home.

57. Additionally, Ms. Foard and D.H. have been harmed by the actions subsequent to the shooting—both by the failure of any authority to hold accountable Defendants Brizendine, Burkhardt, and Stephens, but also by the substantial life changes that they have endured since Lataurus Harrison was shot. Each day, Ms. Foard wakes up to the literal scene where her son was fatally shot. Both of them were close with Lataurus and will never again have this relationship nor the opportunity to see him again.

## Count I - 42 U.S.C. § 1983
## Excessive Deadly Force

58. Each of the Paragraphs in this Complaint is incorporated as if stated fully herein.

59. As described in the preceding paragraphs, Defendant Brizendine's actions toward Lataurus Harrison violated Harrison's constitutional rights, including but not limited to those under the Fourth and Fourteenth Amendments of the United States Constitution.

60. The misconduct described in this Count was objectively unreasonable and undertaken with willfulness and reckless indifference to the rights of others. In addition, the misconduct and excessive force described in this Count shocks the conscience.

## Count II – 42 U.S.C. § 1983
## Unlawful Seizure

61. Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

62. In the manner described in this Complaint, Defendant Officers violated Lataurus Harrison's constitutional rights, causing him damage by seizing him with the absence of probable cause or reasonable suspicion in violation of the Fourth Amendment of the United States Constitution.

63. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Lataurus Harrison's constitutional rights.

### Count III – 42 U.S.C. § 1983
### Unlawful Entry

64. Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

65. In the manner described above, Defendant Officers unlawfully entered Ms. Foard's private property.

66. No exigent circumstances or justification existed for Defendants' unlawful entry onto Ms. Foard's property.

67. Defendant Officers' unlawful entry onto Ms. Foard's property deprived her of the rights, privileges, and immunities guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

68. As a direct and proximate result of these Defendant Officers' unlawful entry, Ms. Foard and her family suffered, and continue to suffer, severe emotional

trauma, mental anguish and distress, pain and suffering, loss of companionship, and other grievous injuries and damages as set forth above.

**Count IV – 42 U.S.C. § 1983**
**Failure to Intervene**

69. Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

70. In the manner described above, during the constitutional violations described herein, one or more Defendant Officers stood by without intervening to prevent the violation of Lataurus Harrison and Ruby Ford's constitutional rights, even though they had a reasonable opportunity to do so.

71. As a result of the Defendants' failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered pain and injury, as well as emotional distress. These Defendants had ample, reasonable opportunities to prevent this harm but failed to do so.

72. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, and in total disregard for Plaintiff's rights, all so they could take her son's life without impunity.

73. As a direct and proximate result of Defendants' misconduct, Plaintiff suffered great mental anguish, humiliation, emotional pain and suffering, and other grievous injuries and damages as set forth above.

**Count V – 42 U.S.C. § 1983**
**Conspiracy to Deprive Constitutional Rights**

74. Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

75. The Defendant Officers reached an agreement among themselves to deprive Lataurus Harrison and Ms. Foard of their constitutional rights, all as described in the various paragraphs of this Complaint.

76. In so doing, these co-conspirators conspired to accomplish an unlawful purpose by an unlawful means. In addition, these co-conspirators agreed among themselves to protect one another from liability for depriving Lataurus Harrison and Ruby Foard of these rights.

77. In furtherance of their conspiracy, each of these co-conspirators committed overt acts and were otherwise willful participants in joint activity.

78. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, and in total disregard for Lataurus Harrison and Ruby Foard's rights.

79. In the manner described above, there was an agreement between two or more of the Defendant Officers, as well as between Defendant Officers and others currently unknown, to deprive Lataurus Harrison and Ruby Foard of their constitutional rights.

80. As a result of Defendant Officers' misconduct, Lataurus Harrison and Ruby Foard suffered great mental anguish, humiliation, emotional pain and suffering, and other grievous injuries and damages as set forth above.

### Count VI—State Law Claim
### Assault & Battery

81. Each paragraph of this Complaint is incorporated as if stated fully herein.

82. As described above, Defendant Brizendine used force against Lataurus Harrison, resulting in harmful or offensive contact.

83. In using force against Lataurus Harrison, Defendant Brizendine intended to cause physical pain or injury, to be insulting, and/or to cause offensive contact.

84. Additionally, Defendant Officers pointed their guns and threatened to shoot Lataurus Harrison, causing him fear of imminent violence.

85. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

86. As a proximate result of this misconduct, Lataurus Harrison suffered severe physical pain and emotional distress, and anguish.

### Count VII—State Law Claim
### Wrongful Death

87. Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

88. County of Madison is liable for damages arising from Defendant Officers' unlawful conduct that caused Lataurus Harrison's death in that Lataurus Harrison's injuries and death were caused by Defendant Officers' wrongful act, neglect, carelessness, unskillfulness, or default while Defendant Officers were acting as an agent of County of Madison.

89. Defendant Officers' actions as described in this Complaint were a substantial factor in bringing about Lataurus Harrison's death, and without those actions, the death of Lataurus Harrison would not have occurred.

90. Both Ruby Foard, Lataurus Harrison's mother, and D.H., Lataurus Harrison's daughter, suffered loss of companionship and mental anguish as a result of the wrongful death of Lataurus Harrison.

91. Both Ruby Foard and D.H. suffered from pecuniary loss as a result of the wrongful death of Lataurus Harrison.

**Count VIII—State Law Claim**
**Survival Action**

92. Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

93. Plaintiff Ruby Foard is the legal representative authorized to pursue these claims against Defendants.

94. Prior to his death, Lataurus Harrison suffered serious personal injuries including but not limited to severe pain and emotional distress during the period after he was shot but before he died from the gunshot wounds Defendants inflicted upon him.

95. All Defendants are liable for these damages arising from Defendant Officers' unlawful conduct that caused Lataurus Harrison's severe pain and emotional distress in that Lataurus Harrison's injuries were caused by (or were substantially caused by) Defendant Brizendine's wrongful act, neglect, carelessness, unskillfulness, or default while Brizendine was acting as an agent of the County of Madison.

96. Brizendine's actions as described in this Complaint were a substantial factor in bringing about the injuries described in this Count, and without those actions, these injuries would not have occurred.

**Count VIV—State Law Claim**

### Intentional Infliction of Emotional Distress

97. Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

98. Defendant Officers' actions, omissions, and conduct, as set forth above, were extreme and outrageous as well as willful and wanton. These actions were rooted in an abuse of power and authority and were undertaken with the intent to cause, or with reckless disregard for the high degree of probability that they would cause, severe emotional distress to Plaintiff, as more fully alleged above.

99. In the manner described more fully above, by causing the death of Lataurus Harrison, the Defendant Officers intended to cause both physical and emotional distress. In so doing, Defendant Officers' conduct was extreme and outrageous and caused Lataurus Harrison severe, disabling physical distress, emotional distress, and ultimately death. The misconduct described in this Count was intentional and undertaken with malice, willfulness, and reckless indifference to the rights of others.

100. Defendant Officers intentionally, recklessly, and unlawfully engaged in extreme and outrageous conduct without legal justification when they fatally shot Lataurus in his mother's presence. By shooting Plaintiff's son in her presence and without provocation, Defendants placed Ms. Foard in severe emotional distress and fear of imminent peril and injury.

101. As a direct and proximate result of Defendants' conduct, Ms. Foard and her family have suffered, and continue to suffer, severe emotional distress, pain and suffering, and other grievous injuries and damages as set forth above.

### Count X—State Law Claim

### Negligent Infliction of Emotional Distress

102. Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

103. Defendant Officers owed a duty to exercise reasonable care in their desire to apprehend and in the apprehension of Lataurus Harrison while on Ms. Foard's property, and while Ms. Foard was a bystander, so as not to expose her to the risk of bodily injury and severe emotional injury. Defendant Officers had a duty to prevent the use of excessive deadly force against Lataurus Harrison.

104. In doing each and all of the acts alleged herein, Defendant Officers engaged in the course of conduct which was grossly negligent, extreme, and outrageous. Defendant Officers engaged in willful and wanton conduct with reckless disregard of the consequences, harm, or injury that might result to Lataurus Harrison or Ruby Foard.

105. As a direct and proximate result of Defendant Officers' actions and omissions, Ruby Foard suffered, and continues to suffer, severe emotional distress, pain and suffering, loss of love and companionship, and other grievous injuries and damages as set forth above.

### Count XI—State Law Claim
### Trespass

106. Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

107. Defendant Officers each trespassed on Ms. Foard's private property by unlawfully entering the driveway owned by Ms. Foard without legal authority or right.

108. Specifically, without justification, Defendant Officers unlawfully entered, and remained, on Ms. Foard's driveway by failing to first knock and announce their presence, authority, or possession of a valid search warrant to Ms. Foard.

109. Additionally, or alternatively, even if Defendant Officers lawfully entered Ms. Foard's driveway, Defendant Officers unlawfully trespassed on Ms. Foard's property by employing excessive and unreasonable force on her son, an occupant of the premise, subsequently exceeding any lawful authority to be on the property.

110. No justification existed for Defendant Officers to trespass onto Ms. Foard's property.

111. These Defendants' actions, in unlawfully entering and remaining on Ms. Foard's land, were willful and wanton and undertaken intentionally, with malice, and with reckless indifference for Ms. Foard's rights.

112. As a direct and proximate result of these Defendants' trespass, Ms. Foard and her family suffered, and continue to suffer, pain and injury, severe emotional distress, and other grievous injuries and damages as set forth above.

### Count XII—State Law Claim
### Respondeat Superior

113. Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

114. While committing the wrongful acts alleged in the preceding paragraphs, Defendants Brizendine, Burkhardt, and Stephens were employees, agents, and members of the County of Madison, acting at all relevant times within the scope of their employment.

### Count XIII—State Law Claim
### Indemnification

115. Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

116. Indiana law requires public entities to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

117. In committing the misconduct described herein, Defendants Brizendine, Burkhardt, and Stephens were employees of the County of Madison, acting at all relevant times within the scope of their employment.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ESTATE OF LATAURUS HARRISON, by and through administrator RUBY FOARD, respectfully requests that this Court enter a judgment in his favor and against the MADISON COUNTY SHERIFF'S OFFICERS MASON BRIZENDINE, GRANT STEPHENS, CHRIS BURKHARDT, and UNKNOWN OFFICERS of the COUNTY OF MADISON; and the COUNTY OF MADISON awarding compensatory damages, attorneys' fees and costs against each Defendant, punitive damages against each of the individual Defendants, and any other relief this Court deems just and appropriate.

### JURY DEMAND

Plaintiff, ESTATE OF LATAURUS HARRISON, by and through administrator RUBY FOARD, hereby demands a trial by jury pursuant to Indiana Rule of Civil Procedure 38 on all issues so triable.

                         RESPECTFULLY SUBMITTED,

                         RUBY FOARD

                         BY: /s/  David B. Owens
                              *One of Plaintiff's Attorneys*

Jon Loevy
David B. Owens
Quinn K. Rallins*
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
(312) 243-5900
rallins@loevy.com

Thomas D. Bowers*
Bowers Firm PLLC
P.O. 763697
Dallas, TX 75376
(214) 697-3733

Melodee Armstrong*
Law Offices of Melodee
Armstrong, PC
325 N. St. Paul, #2250
Dallas, TX 75201
(214) 573-2590

*Attorneys for Plaintiffs*

*Motions for Pro-Hac Vice Admission forthcoming