**THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| ESTATE OF LATAURUS HARRISON, by and through administrator, RUBY HARRISON-FOARD<br><br>Plaintiff,<br><br>v.<br><br>MASON BRIZENDINE, GRANT STEPHENS, CHRIS BURKHARDT, and UNKNOWN OFFICERS OF COUNTY OF MADISON, and the COUNTY OF MADISON.<br><br>Defendants. | ) | No. 1:25-cv-1061-JPH-MKK<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S MOTION TO AMEND ADMISSION

Plaintiff Ruby Harrison-Foard, individually and as special representative of deceased person, Lataurus Harrison, through counsel, and pursuant to Federal Rule of Civil Procedure 36(b), respectfully seeks leave to allow Plaintiff to amend one answer to a request for admission that she inadvertently failed to respond to and was therefore deemed admitted. In support, Plaintiff states as follows:

## INTRODUCTION

This case was filed in May 2025 and concerns the death of Lataurus Harrison, the youngest child of Plaintiff Ruby Harrison-Foard, whom Defendant Deputy Mason Brizendine shot seven times outside her home. Dkt. 1. A central point of dispute in this case is whether Mr. Harrison ever raised and pointed a handgun at Defendant Deputy Grant Stephens. Defendant Deputy Grant Stephens and Defendant Sergeant Chris Burkhardt were both interviewed on the night of the shooting, and neither mentioned seeing Mr. Harrison point a gun. There is little

credible evidence that the gun was in or even near Mr. Harrison's hand when Brizendine shot him seven times from close range. Nevertheless, Brizendine's belated litigation justification for shooting Mr. Harrison was that Mr. Harrison was supposedly pointing a gun at Stephens.

In the middle of discovery, Defendants served six requests for admission by email on March 4, 2026, including one asking Plaintiff to admit that Mr. Harrison "was in possession of a handgun" when he was shot and killed. Dkt. 60-13 at 2–3. Plaintiff's counsel inadvertently overlooked the requests, and defense counsel never followed up after receiving no response. Plaintiff first noticed the failure to respond in the context of Defendants' summary judgment briefing. The Defendants' brief notes the failure to respond, but, to be clear, does not argue that any deemed admission justifies summary judgment. That is likely because whether Mr. Harrison was in legal "possession" of a gun (a term which can mean many things) is not probative of the core disputed fact in this case—whether he was holding and pointing it at an officer when he was shot.

Plaintiff files this motion to amend her response to the one request regarding Mr. Harrison's possession of the gun pursuant to Rule 36(b) – Plaintiff admits the other five requests—to avoid needless confusion when this case goes to trial. Plaintiff requests leave to amend his response to state a denial.

Defendants would not be prejudiced by this amendment. They have not used this "admission" in any argument for summary judgment or foregone any discovery in reliance of it. More importantly, holding Plaintiff to this ambiguous admission would be contrary to Rule 36's purpose of reducing trial time. Rather than narrowing the issues, the admission could confuse the jury about the legal meaning and significance of legal possession, invite extended presentations about actual and constructive possession, and make more complicated (but not actually

foreclose) Plaintiff's contention that the gun was placed in the car after the shooting. Plaintiff should therefore be permitted to amend this single response concerning a fact that has been contested throughout the case.

## RELEVANT FACTUAL BACKGROUND

The parties have engaged in extensive discovery and dispositive-motion practice. As the Complaint makes clear, this case concerns the shooting of Mr. Harrison and whether Defendants falsely claimed that Brizendine saw Mr. Harrison pull out and raise a gun from his pocket. Dkt. 1 ¶¶ 47, 49.

The parties' accounts of what happened on June 1, 2024, remain disputed. The pending summary-judgment filings reflect those competing accounts. *See* Dkt. 62; Dkt. 79-1.

One disputed issue is the justification for Brizendine's use of deadly force. CSI Inspector Rinschler reports finding a handgun on the front passenger seat of Mr. Harrison's vehicle under a Popeye's Chicken bag and an Ice Mountain water bottle hours after the shooting. Dkt. 79-1 at 13–14 (PSMF ¶¶ 75–78); Dkt. 62 at 9. Defendants contend that Mr. Harrison raised and pointed a gun at Deputy Stephens, Dkt. 62 at 6, but that contention has been sharply disputed and contested by the parties since the Complaint, and is not affected by the deemed admission that Mr. Harrison "possessed" some handgun when he was shot and killed. Dkt. 1 ¶¶ 47, 49.

In discovery, the parties collectively exchanged 72 interrogatories and 165 requests for production, and Defendants served six requests for admission by email on March 4, 2026. The requests concerned: (1) Mr. Harrison's prior convictions; (2) his probation violation; (3) an active warrant for a probation violation on June 1, 2024; (4) whether he refused one or more police commands before lethal force was used; (5) whether the Indiana State Police located a handgun in his vehicle after the shooting; and, as relevant to the instant Motion, (6) whether

"Lataurus Harrison was in possession of a handgun when lethal force was utilized by Mason Brizendine on June 1, 2024". Dkt. 60-13 at 2–3. Plaintiff admits the other five requests and seeks to amend only the response to Request No. 5. *See* Exhibit A.

Defendants' summary-judgment brief identified the six requests as deemed admitted in its fact section and states, "To date, Plaintiff has not answered the requests." Dkt. 62 at 11. Plaintiff seeks to amend only Request No. 5, which states: "Lataurus Harrison was in **possession** of a handgun when lethal force was utilized by Mason Brizendine on June 1, 2024." The argument section of Defendants' brief, Dkt. 62 at 13–30, does not rely on Request No. 5. Nor does it address the fact that Defendant Deputy Grant Stephens and Defendant Sergeant Chris Burkhardt did not mention seeing Mr. Harrison point a gun when interviewed on the night of the shooting. Stephens was asked, "Did you ever see a weapon at all in the suspect's hands?" Dkt. 77-2, Stephens June 1, 2024 Interview, at 13:28-13:55; Dkt. 60-3, Stephens Dep., at 105:23–106:23, 108:19-25, 109:19-110:1, 111:5-10. Burkhardt told ISP that he never saw a gun. Dkt. 60-5, Burkhardt Dep., at 110:23–25. The officers mentioned a gun only after news reports stated that a gun had been found. Dkt. 79-1 at 11–15 (PSMF ¶¶ 66–87).

No trial date is currently set, and the parties have not set a pretrial conference under Federal Rule of Civil Procedure 16(e).

Counsel for each side were in constant communication during the discovery phase of this case, scheduling depositions, raising objections, etc. Defense counsel never raised the failure to respond with Plaintiff's counsel. *See* Exhibit B. Had counsel recognized the discrepancy earlier, counsel would have raised it with the Court and opposing counsel. *Id*.

Request No. 5 was meant to be denied. Plaintiff has consistently alleged that Defendants falsely claimed that Brizendine saw Mr. Harrison pull out and raise a gun from his pocket and

that the existence of the gun was a lie that the Defendant Officers concocted after-the-fact in an attempt to justify the murder of Mr. Harrison. Dkt. 1 ¶¶ 47–49. Defendants, in their Answer, denied these assertions. *See* Dkt. 16 ¶¶ 47–49.

On September 22, 2026, Plaintiff's counsel contacted defense counsel to explain that the requests for admission had been inadvertently overlooked and provided a proposed amended response consistent with the Complaint and Plaintiff's longstanding positions. Exhibit C (September 22–23, 2026 email correspondence with defense counsel). In the September 22, 2026 correspondence, Plaintiff's counsel asked defense counsel to agree that any motion would be unopposed and to identify any prejudice Defendants believed they would suffer from allowing amendment of this one response. *Id*. Defendants responded on September 23, 2026, opposing the motion, but did not identify any specific prejudice. [1] Exhibit D. This motion followed.

## ARGUMENT

Rule 36(b) sets forth two requirements for allowing a party to amend a deemed admission, and the decision remains within the Court's discretion. *Blow v. Bijora, Inc.*, 855 F.3d 793, 799 (7th Cir. 2017). Both requirements are satisfied here.

### A. Legal Standard.

Rule 36(b) provides that the Court may permit an admission to be amended when "it would promote the presentation of the merits of the action" and the Court "is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b).

---

[1] Rather than point to any prejudice, Defendants complain about an unrelated argument during after defense counsel continued to lodge speaking objections and suggestive answers to Defendants in violation of Federal Rule of Civil Procedure 30(c)(2). The parties completed the deposition without contacting this Court.

The Rule is designed to streamline trial by narrowing issues that do not genuinely require proof. *See* Fed. R. Civ. P. 36 advisory committee's note to 1970 amendment ("Rule 36 serves two vital purposes, both of which are designed to reduce trial time."). The same note explains that amendment emphasizes resolving the action on its merits while protecting justified reliance on an admission from operating to the requesting party's prejudice.

**B. Amending Request No. 5 Will Promote the Presentation of the Merits.**

The first requirement is satisfied because amendment will promote presentation of the merits. Plaintiff inadvertently failed to respond to the requests for admission, and the omission surfaced only when counsel reviewed Defendants' summary-judgment brief. Although Defendants listed the deemed admissions in the fact section, they did not argue that Request No. 5 (or any of the others) entitled them summary judgment. Dkt. 62 at 11, 13–30. In *Blow*, the Seventh Circuit affirmed leave to amend a request-for-admission response sought during summary-judgment briefing after the district court found that the party had inadvertently erred. 55 F.3d at 799. Amendment here likewise would conform the response to Plaintiff's consistent position in the Complaint and the summary-judgment record.

Plaintiff does not contend that Request No. 5 is dispositive. The problem is that "possession" is an ambiguous legal and factual concept. "[B]oth in common speech and in legal terminology, there is no word more ambiguous in its meaning than possession." *National Safe Deposit Co. v. Stead*, 232 U.S. 58, 67 (1914); *United States v. Brown*, 724 F.3d 801, 804–05 (7th Cir. 2013) (same). Possession may be constructive and an admission to it says nothing about whether a gun is not in a person's hand or even near them. *See United States v. Rawlings,* 341 F.3d 657, 658–59 (7th Cir. 2003) ("'Possession,' a concept much elaborated since its introduction into Western law by the Romans, has never just meant clasping something in your

hands. The owner of an automobile possesses it even when it is parked in a garage and he is miles away. A tenant possesses the apartment he has rented even when he is away on a trip. . . . To decide whether a person . . . possesses a gun, therefore, it is not enough to ask whether the gun is in his hand or his pocket or even under his pillow or in his desk drawer."). The Request does not even specify what "handgun" it refers to. Thus, even if his deemed admission stood, Plaintiff would not be foreclosed from arguing that Mr. Harrison did not possess the gun found in the car or that while he did possess it, it was not in the car when he was shot. The admission gets Defendants nowhere.

What the admission will do, if the Plaintiff is held to it, is risk confusing the jury and extending trial over whether "possession" means actual or constructive possession, whether a person can possess a gun without holding it or even being near it. That does not advance the purpose of Rule 36. Consistent with its purpose, Rule 36 should not be used unless the requested statement can be admitted or denied without explanation. *Tamas v. Fam. Video Movie Club*, Inc., 301 F.R.D. 346, 347 (N.D. Ill. 2014). Here, the admission would hamper Plaintiff's contention that the gun was placed in the car after the shooting, even though the Complaint has disputed the officers' account from the outset. Dkt. 1 ¶¶ 43, 44, 47, 49.

The law is on Plaintiff's side. Courts have recognized that an amendment may promote the presentation of the merits when, as here, an admission bears on key disputed facts without being dispositive. *See McNamara v. Hallinan*, 2019 WL 6122003, at *4 (D. Nev. Oct. 28, 2019). And Court have found the first prong met where withdrawing an inadvertent admission would allow a party to present their long-standing position on the merits, particularly when the party "had indeed indicated . . . that they disputed the Defendants' characterization of the facts," which is "a sign that a presentation of the merits of the case would be promoted by a withdrawal of the

admissions." *Rodgers v. Allen*, No. 05 C 3540, 2009 WL 2192622, at *5 (N.D. Ill. July 21, 2009); *see also Fausset v. Mortg. First, LLC*, No. 4:09-CV-42-PRC, 2010 WL 11681373, at *1 (N.D. Ind. Mar. 1, 2010) (permitting withdrawal of admission where it was due to "attorney's error" and withdrawal would "better serve presentation of the merits of th[e] case"); *Corbin v. Jensen*, No. 2:23-CV-18-TLS-JPK, 2023 WL 7103160, at *4 (N.D. Ind. Oct. 26, 2023) (similar).

**C. Defendants Cannot Show Prejudice.**

"The party who obtained the admission has the burden of proving that withdrawal of the admission would prejudice the party's case." *Windle v. Indiana*, No. 118CV01212SEBTAB, 2019 WL 6724605, at *4 (S.D. Ind. Dec. 10, 2019). Rule 36(b) prejudice concerns difficulty maintaining or defending the action on the merits, not simply the need to prove a fact. *Johnson v. Target Corp.*, 487 F. App'x 298, 300 (7th Cir. 2012), recognizes that prejudice is absent where the withdrawing party's submissions consistently denied the admitted facts, the opposing party conducted thorough discovery, or amendment occurs before trial and discovery can be reopened; *see also Blow*, 855 F.3d at 800 ("The prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of a sudden need to obtain evidence with respect to the questions previously answered by the admission." (quoting *Perez v. Miami–Dade Cnty.*, 297 F.3d 1255, 1266 (11th Cir.2002)); *Conlon v. United States*, 474 F.3d 616, 622–24 (9th Cir.2007).

There is no prejudice here. Plaintiff has consistently alleged that Defendants falsely claimed that Brizendine saw Mr. Harrison pull out and raise a gun from his pocket. Dkt. 1 ¶¶ 47–49. Defendants' Answer denies those allegations. Dkt. 16 ¶¶ 47–49. Defendants recited the

deemed admission in the fact section of their summary judgment brief, Dkt. 62 at 11, but built no argument on it (because there could be none, even if legal "possession" was admitted). And Plaintiff has long disputed how the gun was belatedly found in the front passenger seat after the Defendants failed to see it when they first went through the car. Defendants, knowing this, presented evidence in their summary judgment brief regarding the Indiana State Police's discovery of the gun and their investigation into how Mr. Harrison came into possession of the handgun. *Id.* at 8–10. Defendants do not claim that they forwent discovery because of Request No. 5 and cannot show that they changed their discovery strategy, lost evidence, or otherwise suffered the type of prejudice contemplated by Rule 36(b).

Moreover, Defendants cannot identify any difficulty in proving their case that would result from amendment. The core witnesses remain available, including Brizendine, Stephens, Burkhardt, Ms. Harrison-Foard, Detective Halbert, CSI Rinschler, and expert Jack Ryan. There is no trial date or pretrial conference date, and Defendants have had the opportunity to develop the record concerning the disputed gun. Amendment therefore would not deprive Defendants of evidence or require them to reconstruct a case that they reasonably prepared in reliance on Request No. 5.

The authorities confirm this prong is met. *Windle* holds that reliance on a deemed admission in preparing a summary judgment motion does not constitute Rule 36(b) prejudice. *Windle*, 2019 WL 6724605, at *5 (citing *Flournoy v. Ghosh*, 2011 WL 5979205, at *4 (N.D. Ill. Nov. 28, 2011)). "The inability to rely on default admissions and the obligation to litigate a case on the merits were not prejudicial here." *Simstad v. Scheub*, 816 F.3d 893 (7th Cir. 2016).

**D. Other Factors Favor Amendment.**

The Court may consider other factors, including good cause for delay. *DeCola v. Kosciusko Cnty. Sheriff's Dep't,* 2007 WL 1650921, at *1 (N.D. Ind. June 5, 2007). Good cause and diligence are present here. Plaintiff's counsel responded to Defendants' interrogatories and requests for production but inadvertently failed to respond to the six requests for admission. Counsel discovered the omission while preparing Plaintiff's summary-judgment response, and the declaration confirms that the requests did not arise during Plaintiff's deposition or expert discovery. Ex. B. Counsel contacted opposing counsel shortly after filing the corrected response on September 10, 2026, and promptly sought to correct the error. Ex. C. *Corbin*, 2023 WL 7103160, at *5 (noting party "did not wait an unreasonable length of time to seek an extension of the deadline to serve her responses to the RFAs"). This approach is consistent with the responsibility to provide truthful discovery responses and supplement or correct an earlier incomplete response. *See Moran v. Calumet City*, 54 F.4th 483, 497 (7th Cir. 2022).

Also relevant is the Defendants' failure to raise the non-response at any time prior to filing their summary judgment motion. *See Corbin*, 2023 WL 7103160, at *6 (noting opposing counsel's failure to mention un-responded to RFAs as factor in granting amendment); *Potts v. Transamerica Life Ins. Co.*, No. 4:23-CV-24-TLS-JEM, 2024 WL 551863, at *3 (N.D. Ind. Feb. 9, 2024) (similarly noting opposing counsel's failure to mention outstanding RFAs during conferrals); *Cf. Hadley v. United States*, 45 F.3d 1345, 1350 (9th Cir. 1995) ("government's own tardy service was a factor for the district court to consider in determining whether to sanction Hadley for his late response").

Finally, equitable considerations support amendment. Ms. Harrison-Foard witnessed the porch of her house when her son was shot seven times from a few feet away. She begged them,

"Don't shoot my baby" while her son screamed and cried, as bullets pierced his flesh. She is entitled to her day in court, despite an attorney's simple, and unnoticed, error during extensive discovery that took place across state over many months. Allowing Plaintiff to amend one inadvertently unanswered response will permit the jury to consider the disputed events on the developed record on the merits, without imposing unfair surprise or trial prejudice. *See* FED. R. CIV. P. 36(b).

**CONCLUSION**

Plaintiff respectfully moves for the Court to allow her to amend her response to Defendants' Request for Admission No. 5 with the attached response, Ex. A.

RESPECTFULLY SUBMITTED

By:/s/Quinn K. Rallins

*One of Plaintiff's Attorneys*

Jon Loevy
David B. Owens
Quinn K. Rallins*
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
(312) 243-5900
rallins@loevy.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Quinn Rallins, an attorney, certify that on September 29, 2026, I served the foregoing document by electronic mail on all counsel of record.

*/s/* Quinn Rallins
Quinn Rallins

*One of Plaintiff's Attorneys*