EXHIBIT A

**THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| ESTATE OF LATAURUS HARRISON, by and through administrator, RUBY HARRISON-FOARD | ) | No. 1:25-cv-1061-JPH-MKK |
| Plaintiff, | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| MASON BRIZENDINE, GRANT STEPHENS, CHRIS BURKHARDT, and UNKNOWN OFFICERS OF COUNTY OF MADISON, and the COUNTY OF MADISON. | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSES TO DEFENDANTS' REQUESTS FOR ADMISSION AND ADMISSION INTERROGATORIES**

Plaintiff Ruby Harrison-Foard, by and through her attorneys, responds to Defendants' Requests for Admission as follows:

**REQUEST NO. 1:** Admit Lataurus Harrison was convicted of strangulation, domestic battery and sexual battery and sentenced to probation for 2 years under Cause No. 49D32-2110-F3-030881.

**RESPONSE:** Admit.

**REQUEST NO. 2:** Admit Lataurus Harrison had violated probation.

**RESPONSE:** Admit.

**REQUEST NO. 3:** Admit on June 1, 2024, there was a valid active arrest warrant for Lataurus Harrison for a probation violation.

**RESPONSE:** Admit.

**REQUEST NO. 4:** Admit that Lataurus Harrison refused to follow one or more police commands before lethal force was utilized by Mason Brizendine.

**RESPONSE:** Admit.

**REQUEST NO. 5:** Admit Lataurus Harrison was in possession of a handgun when lethal force was utilized by Mason Brizendine on June 1, 2024.

**RESPONSE:** Based on a reasonable investigation – including, but not limited to the depositions of Defendant Brizendine, Defendant Burkhardt, Defendant Stephens, and CSI Investigator Rinschler — regarding how the handgun was found in Mr. Harrison's vehicle, deny.

**REQUEST NO. 6:** Admit that the Indiana State Police located a handgun in Lataurus Harrison's vehicle after the police involved shooting on June 1, 2024.

**RESPONSE:** Admit.

**ADMISSION INTERROGATORY N0. 2**: Please state separately with regard to each such admission you deny because of your purported lack of information or knowledge, a detailed description of every effort made to inquire into the subject matter of the request, including without limitation the date of each effort and/or inquiry; the name, address, employer, job duties and job title of each person making such effort and/or inquiry; the substance of each effort and/or inquiry and the information obtained or derived from each such effort and/or inquiry.

**ANSWER**: Defendants fail to define "possession" in Request No 5, including whether they are referring to actual or constructive possession. Nor does the request specify what "handgun" it refers to.

RESPECTFULLY SUBMITTED

By:/s/Quinn K. Rallins

*One of Plaintiff's Attorney*s

Jon Loevy
David B. Owens
Quinn K. Rallins*
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
(312) 243-5900
rallins@loevy.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Quinn Rallins, an attorney, certify that on September 29, 2026, I served the foregoing document by electronic mail on all counsel of record.

*/s/* Quinn Rallins
Quinn Rallins

*One of Plaintiff's Attorneys*