EXHIBIT D

LOEVY + LOEVY

# Foard - RFAs

**Matt Hinkle** <MHinkle@chwlaw.com> Wed, Sep 23, 2026 at 8:41 AM
To: Quinn Rallins <rallins@loevy.com>
Cc: Jon Loevy <jon@loevy.com>, Bethan Gee <gee@loevy.com>, Laura Parks <lparks@chwlaw.com>

Quinn,

My clients do not consent to setting aside the admissions or any portion of them. You know our position has always been that this lawsuit was frivolous. Mr. Harrison was clearly in possession of a handgun and to deny that request would be disingenuous.

Also, and while it has nothing to do with our refusal to consent, I find your comment about "professionals" to be ironic given that you told me, on the record during Mason's deposition, to "shut up" (three times) and during Grant's deposition you told him to stop taking a drink of water. Quite frankly, in my 30 years of practice, I've never seen such a lack of professionalism from another attorney.

Matthew L. Hinkle

CHW
Coots, Henke & Wheeler
ATTORNEYS AT LAW

255 East Carmel Drive

Carmel, Indiana 46032

Ph. 317-844-4693

CONFIDENTIALITY NOTICE: This email originated from the law offices of **Coots Henke & Wheeler, P.C**. and is covered by the Electronic Communications Privacy Act (18 USC 2510 et seq.), and may contain legally privileged or confidential information intended only for the addressee. If you are not the addressee, or this message has been addressed or delivered in error, you are not authorized to read, copy, download, or distribute this message and any attachments. I ask that you please delete this message and attachments (including all copies) and notify me by return e-mail or by phone. Delivery of this message and any attachments to any person other than the intended recipient is unauthorized and is not intended in any way to waive any confidentiality or privilege.

**From:** Quinn Rallins <rallins@loevy.com>
**Sent:** Tuesday, September 22, 2026 4:48 PM
**To:** Matt Hinkle <MHinkle@chwlaw.com>; Laura Parks <lparks@chwlaw.com>
**Cc:** Jon Loevy <jon@loevy.com>; Bethan Gee <gee@loevy.com>
**Subject:** Foard - RFAs

Counsel:

This probably isn't on your radar, but we wanted to address a small fact issue we discovered in preparing our response to the motions to summary judgment.

Specifically, we discovered that we did not respond to Defendants' six requests for admission that were served alongside your interrogatories and documents requests, which we responded to. This was inadvertent. While we did plan to deny Requests No. 1-4, and 6., we did intend to deny Request No. 5. We wanted to be upfront about this, of course, and are not hiding the ball. For reference, in our complaint, we alleged Defendants falsely claimed that Brizendine saw Lataurus Harrison pull out a gun, and that, at no point during Harrison's encounter with Defendants did he take any action that would have justified Brizendine's use of deadly force. As you know, whether Mr. Harrison brandished a gun has been hotly contested throughout the litigation, including during the depositions for Defendants, Plaintiff, and third-parties.

It was simply an inadvertent mistake that appears to be from copying and pasting the multiple discovery requests, but forgetting to include the six requests for admission.

Rule 36 requires us to file a motion to amend or alter the response to Request No. 5; can we file the motion as unopposed? We hope that, as professionals, we can all recognize that simple mistakes happen despite our best efforts. And, while it is hard to see how there might be any prejudice (particularly given the allegations in the complaint), if you oppose the motion, please do let us know what sort of prejudice you believe might suffer.

In the meantime, we'll get the voluntary dismissal of certain claims on file today to narrow the issues of dispute.

Thanks,

---

**Quinn K. Rallins**

[Quoted text hidden]