**THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| ESTATE OF LATAURUS HARRISON,<br>by and thorough administrator,<br>RUBY HARRISON-FOARD<br><br>Plaintiff,<br><br>v.<br><br>MASON BRIZENDINE, GRANT STEPHENS, CHRIS BURKHARDT, and UNKNOWN OFFICERS OF COUNTY OF MADISON, and the COUNTY OF MADISON.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:25-cv-1061-JPH-MKK<br><br><br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO AMEND ADMISSION**

Plaintiff Ruby Harrison-Foard, individually and as special representative of deceased person, Lataurus Harrison, submits this reply in support of her motion to amend admission. In support, Plaintiff states as follows:

This case concerns the June 1, 2024, fatal shooting of Plaintiff's son, Lataurus Harrison. Mr. Harrison was shot seven times by Defendant Brizendine while he was visiting Plaintiff and sitting in her driveway. At summary judgment, there are many contested issues, including whether Brizendine shot Harrison because, as Brizendine claims, he observed Harrison pull out a gun and point it at another officer, Defendant Stephens.

Now, Defendants want to confuse the jury and extend trial over a single word – "possession" – which could mean many things and would fail to advance the purpose of Federal Rule of Civil Procedure 36, which encourages statements that can be admitted or denied without

explanation. In fact, the law encourages the amendment to ensure the proper presentation of the case, especially when Defendants have not met their burden of demonstrating the amendment would cause them prejudice.

The motion should be granted.

**A. Plaintiff Has Demonstrated the Amendment Would Promote Presentation of the Merits of Case and Prevent Confusion of the Jury.**

Plaintiff explains that amending Request No. 5 would promote the presentation on the merits because it would allow her to present a truthful response, conform with her consistent position on the case, and prevent unnecessary confusion of the jury at trial. Dkt. 6-7. Defendants do not rebut that the admission would confuse the jury. *See* Dkt. 96 at 3-4. Nor do they argue Plaintiff's position has been inconsistent. *Id*. Instead, the main thrust of Defendants' argument is that Plaintiff has not identified any evidence to dispute that Harrison possessed a handgun at the time of the shooting. Dkt. 96 at 3-4. This too is nonsensical.

The core factual disputes about the gun have been hotly contested throughout the case, including (1) whether Defendant Brizendine observed Harrison holding a gun in his right hand, (2) whether Defendant Stephens observed Harrison brandish the grip of a gun, and (3) whether a mysterious Popeye's Chicken bag was placed on the gun after the shooting. Dkt. 79-1 at 25-26. From the outset, Plaintiff has alleged that Defendants made up a story that Harrison brandished a gun to "cover-up" the unlawful shooting. Dkt. 1 ¶¶48-50. And, construed in the light most favorable to Plaintiff, the evidence obtained throughout fact discovery shows that Mr. Harrison was unarmed. *See* Dkt. 79-1.

In their reply, Defendants are silent on the law supporting an amendment, including the *Blow* decision, and that failing to amend would confuse the jury, Mot. at 6-8. In addition, Defendants ignore that an admission of "possession" does not establish whether a gun was ever in

or even near Mr. Harrison's hand. Mot. at 6-7. To be sure, there is a long line of cases challenging Defendants' attempt to make this a "yes" or "no" answer, and instructs us that "possession" can mean many things. *See, e.g. National Safe Deposit Co. v. Stead*, 232 U.S. 58, 67 (1914); *United States v. Brown*, 724 F.3d 801, 804–05 (7th Cir. 2013); *United States v. Rawlings*, 341 F.3d 657, 658–59 (7th Cir. 2003).

Ultimately, the core factual disputes about whether Harrison pointed a gun are much more nuanced than Defendants' request for a broad admission of "possession," and the law supports an amendment, even during summary judgment. See *Blow v. Bijora*, Inc., 855 F.3d 793, 799 (7th Cir. 2017); *see also McNamara v. Hallinan*, 2019 WL 6122003, at *4 (D. Nev. Oct. 28, 2019); *see also Fausset v. Mortg. First, LLC,* No. 4:09-CV-42-PRC, 2010 WL 11681373, at *1 (N.D. Ind. Mar. 1, 2010); *Corbin v. Jensen,* No. 2:23-CV-18-TLS-JPK, 2023 WL 7103160, at *4 (N.D. Ind. Oct. 26, 2023),

Here, the first prong that an amendment would promote presentation of the merits is satisfied.

**B. Defendants Have Not Met Their Burden of Establishing Prejudice.**

Defendants have the burden of proving that they would be prejudiced by the withdrawal of the admission. *Windle v. Indiana*, 2019 WL 6724605, at *4 (S.D. Ind. Dec. 10, 2019). Defendants claim they did not depose a witnesses, Michael Ashley – who claims he gave Harrison a gun a different day than the shooting – because they believed Plaintiff was not contesting that Harison had possession of a gun. Dkt. 96 at 6. This argument goes nowhere fast.

First, there is no prejudice where, as here, Plaintiff has consistently denied that Harrison did not have a gun, Defendants conducted thorough discovery, and the amendment would occur before trial and discovery can be reopened, if necessary. See *Blow*, 855 F.3d at 800. Here,

Defendants certainly could have deposed Mr. Ashley. They listed Mr. Ashley in their disclosures in their disclosures and asked numerous questions about him during the lead investigator's deposition. Dkt. 60-11 at 98-99.

The reality is Defendants never took discovery seriously. In their own words, Plaintiff was an "idiot" for seeking justice for her deceased son and her family, and the entire lawsuit was "BS." *See, e.g*. Exh. A (Brizendine text messages with Captain); Exh. B (Brizendine text messages with Police Chief). Throughout discovery, **Defendants did not notice the deposition of a single third-party witness**. So, how can they claim that, but-for this single admission, they would have deposed Mr. Ashley? At bottom, Defendants never planned on this case getting to a jury and they ignored the core factual disputes about the gun. *See* Dkt. 79-1 at 25-26. Although they make a big deal about this gun "possession" admission, they did not even rely on it in their summary judgment motion, which is telling. Mot. at 2.[1]

If Defendants want to take Mr. Ashley's deposition before trial, Plaintiff does not oppose that relief. However, Mr. Ashley's testimony cannot possibly move the needle on whether Plaintiff "possessed" any handgun at the time of the shooting. Obviously, he may testify about his relationship with Mr. Harrison, or whether he claims Mr. Harrison borrowed a handgun from him at some point. But any testimony about whether Plaintiff had possession – actual, constructive, or otherwise – of a gun at the time of the shooting, is admissible, because Mr. Ashley was not there.

---

[1] Instead, Defendants argue that they relied on the admission in their reply brief. Dkt. 96 at 2. This is disingenuous. Plaintiff informed Defendants of the inadvertent admission in a detailed email on September 22, 2026. Dkt. 90-3. She asked Defendants to identify any prejudice and they did not. *Id*. Then Plaintiff filed her motion to amend on September 29, 2026, which reminded Defendants that they had not relied on the admission in their summary judgment motion. Dkt. 96 at 2. Thereafter, Defendants filed a reply on October 1, 2026, where they devoted a single sentence to the admission, which is hardly a reliance. Dkt. 93.

Here, Defendants have not met their burden of proving that withdrawal of the admission would prejudice them.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully asks the Court to grant Plaintiff's motion to withdraw her admission and permit her to supplement her response to Request No. 5.

Dated: October 20, 2026

Respectfully submitted,

**RUBY HARRISON-FOARD**

By: /s/Quinn Rallins
*One of Plaintiff's Attorneys*

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2026, the foregoing was filed electronically via the Court's CMECF system, effecting service on all counsel of record.

/s/Quinn K. Rallins
*One of Plaintiff's Attorneys*